Issued November 15, 2007














Issued November 15, 2007

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-06-01137-CR

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



ROBERT CROSBY, Appellant

 

V.

 

THE STATE OF TEXAS,
Appellee

 

 



On Appeal from the 185th District Court

Harris County, Texas

Trial Court Cause No. 1070657

 








 



MEMORANDUM OPINION

          In
a non-jury trial, the trial court convicted appellant Robert Crosby of
aggravated robbery and sentenced him to five years’ imprisonment.  In one issue, Crosby
challenges the factual sufficiency of the evidence to support his
conviction.  We conclude that the
evidence is factually sufficient and, therefore, affirm.

Background

          In
May 2006, Ramon Barahona was walking to the store when two men approached
him.  Both men wore hooded sweatshirts
(or sweaters), one black and one red. 
When the men got close to Barahona, the man wearing the red sweatshirt,
later identified as Darnel Robinson, drew a gun and demanded Barahona’s
money.  The other man, Crosby, stood to
the side, kept his hands in his pockets, and looked around.  Barahona grabbed Robinson’s wrist and hit the
gun, which caused the clip to fall out. 
Barahona managed to pick it up before running away.  On his way to a store to use the telephone,
Barahona saw the two men walk toward nearby apartments.  

Houston Police Department Officer J.
Hutchison was patrolling the area when she heard a radio call identifying two
robbery suspects that a woman anonymously had called 911 to report.  Hutchinson
spotted two males matching the caller’s description crossing a street, and she
pursued them into a store parking lot. 
Officer Hutchison saw the males split up, and decided to follow
Robinson, who was wearing a red sweatshirt, to the back of the parking lot
because he appeared to be carrying something. 
She apprehended him and put him in the back of her police car.  After arresting Robinson, Officer Hutchinson
apprehended and arrested the second suspect, Crosby.  Although she lost sight of Crosby
for a short period, she confirmed that she had seen him running with
Robinson.  After a search of the area,
officers found a gun and a red sweatshirt in the store’s back parking lot.  

          Barahona
does not speak English, so he telephoned his nephew to meet him after the
robbery, and to call the police.  When
his nephew arrived, they noticed nearby police cars and approached the police
officers to report the robbery.  When the
officers realized that Barahona was describing the two men they had in custody,
Officer Hutchison pulled Crosby and Robinson individually out of the police
cars, and Barahona positively identified them as the men that robbed him.  

          At
trial, Officer Hutchison identified Crosby as
the man she saw running in front of the store, and Barahona identified him as
the lookout during the robbery.  Barahona
admitted that he was more focused on the gun than on the perpetrators and that
both men wore hoods when they robbed him. 
Barahona testified that neither man wore a sweathshirt when he
identified them after their arrest. 
Officer Hutchison could not remember the clothes they were wearing when she
arrested them, nor could she recall whether police recovered a black jacket.

Before Crosby’s
trial, Robinson, a juvenile, pled guilty to aggravated robbery.  Robinson testified at Crosby’s trial that he
committed the robbery alone and that he does not know Crosby.  Crosby, who has been convicted previously for
six misdemeanor trespasses and two misdemeanor thefts, testified in his own
defense.  He stated that he was out for a
walk the day of the robbery, and cut across the parking lot as a shortcut when
the officer arrested him. He denied knowing Robinson and denied that he wore a
sweatshirt that day.  

Factual Sufficiency

A. Standard of Review

In evaluating factual sufficiency, we
consider all the evidence in a neutral light to determine whether the jury was
rationally justified in finding guilt beyond a reasonable doubt.  Watson v. State, 204 S.W.3d 404, 414 (Tex.
Crim. App. 2006).  We set aside the
verdict only if (1) the evidence is so weak that the verdict is clearly wrong
and manifestly unjust or (2) the verdict is against the great weight and
preponderance of the evidence.  Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App.
2000).  Under the first prong of Johnson,
we cannot conclude that a verdict is “clearly wrong” or “manifestly unjust”
simply because, on the quantum of evidence admitted, we would have voted to
acquit had we been on the jury.  Watson, 204 S.W.3d at 417.  Under the second prong of Johnson, we
cannot declare that a conflict in the evidence justifies a new trial simply
because we disagree with the jury’s resolution of that conflict.  Id.  Rather, before finding that evidence is
factually insufficient to support a verdict under the second prong of Johnson,
we must be able to say, with some objective basis in the record, that the great
weight and preponderance of the evidence contradicts the jury’s verdict.  Id.  We must also discuss the evidence that most
undermines the jury’s verdict.  See
Sims v. State, 99 S.W.3d 600, 603 (Tex.
Crim. App. 2003).  

B. Aggravated Robbery

          A
person commits the offense of robbery if, in the course of committing theft as
defined in Chapter 31 and with intent to obtain or maintain control of the
property, he intentionally or knowingly threatens or places another in fear of
imminent bodily injury or death.  Tex. Pen. Code Ann. § 29.02(a)(2)
(Vernon 2003).  A person commits theft if
he unlawfully appropriates property with intent to deprive the owner of
property.  Id.
at § 31.03(a) (Vernon 2003).  A robbery
is aggravated when a person commits robbery as defined in section 29.02, and he
uses or exhibits a deadly weapon.  Id. at 29.03(a)(2)
(Vernon 2003).  A person is criminally
responsible for an offense committed by the conduct of another if acting with
intent to promote or assist the commission of the offense, he solicits,
encourages, directs, aids, or attempts to aid the other person to commit the
offense.  Id.
at § 7.02(a)(2) (Vernon 2003).

          Crosby contends that the evidence linking him as a party
to the aggravated robbery is factually insufficient to support the
verdict.  He focuses on the State’s
witnesses, asserting that their testimony was so weak that the trial court’s
finding is manifestly unjust.  The State
presented two witnesses that testified that Crosby
participated in the robbery, and the defense put forward two witnesses who
contradicted them.  First, Crosby observes
that Barahona admitted that he was more focused on the gun than on the robbers,
and that the jacket hood impaired the lookout’s face. Further, Crosby asserts that
Barahona gave no identifying details about the accomplice’s hair or dress.  The record contradicts the second assertion.
At trial, Barahona described the lookout as wearing a black sweater on a very
hot day, being shorter than the man with the gun (Robinson), and having a
little beard.  Moreover, Barahona had
noticed Crosby and Robinson talking with each other immediately before Robinson
pointed a gun at him.  

Second, Crosby asserts that Officer Hutchison’s
testimony is weak because she could not recall the dispatcher’s description of
the suspects over the radio broadcast, nor the clothes that the suspects wore
that initially attracted her attention. 
In addition, Officer Hutchison stated that she did not recall if Crosby wore a black sweatshirt when she apprehended him
and did not know if a black sweatshirt was recovered.  However, she identified Crosby as the man she witnessed running with
Robinson, speaking with him, and then moving in different directions.

In addition, Crosby points out that
Robinson testified on his behalf, and stated that Crosby
was not part of the robbery and that he was not previously acquainted with him.

The trial court credited the
testimony of the State’s witnesses over the testimony of the defense’s
witnesses.  As the determiner of the
credibility of the witnesses, the fact-finder may choose to believe all, some,
or none of the testimony presented, and we may not re-weigh the evidence and
substitute our judgment for that of the fact-finder.  King v. State, 29 S.W.3d 556, 562 (Tex.
Crim. App. 2000).  Crosby
contends that the trial court should not have placed so much weight on the
testimony of the State’s witnesses. 
However, “a [fact-finder’s] decision is not manifestly unjust merely
because the [fact-finder] resolved conflicting views of evidence in favor of
the State.”  Herrero v. State, 124 S.W.3d 827, 835 (Tex.
App.—Houston [14th Dist.] 2003, no
pet.).   We defer to the court’s
findings, and conclude that the State's evidence was not so obviously weak or
contrary to the overwhelming weight of the evidence as to be factually
insufficient.  We therefore hold that
factually sufficient evidence supports the verdict.

Conclusion

          We
hold that the evidence is factually sufficient to support the conviction and
therefore affirm the judgment of the trial court.

 

 

                                                                             Jane Bland

                                                                             Justice

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

Do not publish.  See Tex. R. App. P. 47.2(b).